# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| SHAKE SHOPPE LLC, | ) |
| Plaintiff, | ) Judge Matthew W. McFarland |
| | ) Case No. 1:21-cv-00278 |
| v. | ) |
| | ) **ELECTRONICALLY FILED** |
| SHAKE SHOPPE IRONTON LLC, | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Shake Shoppe Ironton LLC ("Defendant") for its Answer to Plaintiff Shake Shoppe LLC's ("Plaintiff") Complaint, states as follows:

1. Defendant states that paragraphs 1 and 2 of the Complaint contain no allegations, which require a response, but merely recite the counts raised by Plaintiff in the Complaint. To the extent that paragraphs 1 and 2 recite any allegations against or allege that Defendant is liable for any of the causes of action, Defendant denies the allegations of paragraphs 1 and 2 of the Complaint.

2. Defendant denies the allegations contained in paragraph 3 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore denies same.

4. Defendant admits the allegations contained in paragraphs 5 and 6 of the Complaint.

5. Defendant states that paragraph 7 of the Complaint contain no allegations, which require a response, but merely recite the counts raised by Plaintiff in the Complaint. To the extent that paragraph 7 recites any allegations against or allege that Defendant is liable for any of the causes of action, Defendant denies the allegations of paragraph 7 of the Complaint.

6. Defendant admits the allegations contained in paragraphs 8 and 9 of the Complaint.

7. Defendant denies the allegations contained in paragraph 10 of the Complaint.

8. Defendant admits the allegations contained in paragraph 11 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12-14 of the Complaint, and therefore denies same.

10. Defendant denies the allegations contained in paragraph 15 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16-18 of the Complaint, and therefore denies same.

12. Defendant denies the allegations contained in paragraph 19 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20-29 of the Complaint, and therefore denies same.

14. Defendant denies the allegations contained in paragraphs 30 and 31 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 32-39 of the Complaint, and therefore denies same.

16. Defendant denies the allegations contained in paragraphs 40 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 41-49 of the Complaint, and therefore denies same.

18. Defendant denies the allegations contained in paragraph 50 of the Complaint.

19. Defendant admits that Exhibits A-D are the best evidence of their content. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Complaint, and therefore denies same

20. Defendant admits that Exhibits F-I are the best evidence of their content. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 52-64 of the Complaint, and therefore denies same.

21. Defendant denies the allegations contained in paragraph 65 of the Complaint.

22. Defendant admits the allegations contained in paragraph 66 of the Complaint

23. Defendant admits that it began operating a restaurant in Ironton, Ohio during June of 2019. Defendant denies the remaining allegations contained in paragraph 67.

24. Defendant denies the allegations contained in paragraphs 68-69 of the Complaint.

25. Defendant admits it established a Facebook Profile. Defendant denies the remaining allegations contained in paragraph 70 of the Complaint.

26. Defendant denies the allegations contained in paragraphs 71 and 72 of the Complaint.

27. Defendant admits the allegations contained in paragraph 73 of the Complaint.

28. Defendant admits that the images in paragraphs 74-84 of the Complaint appear to be accurate copies. Defendant denies the remaining allegations contained in paragraphs 74-84 of the Complaint.

29. Defendant admits knowledge of Plaintiff's business. Defendant denies the remaining allegations contained in paragraph 85 of the Complaint.

30. Defendant denies the allegations contained in paragraphs 86-102 of the Complaint.

31. Defendant admits receiving correspondence from Plaintiff. Defendant denies the remaining allegations contained in paragraphs 103 and 104 of the Complaint.

32. Defendant denies the allegations contained in paragraphs 105-114 of the Complaint.

## COUNT I

33. In response to paragraph 115 of the Complaint, Defendant refers to its responses to paragraphs 1-114 in this Answer.

34. Defendant denies the allegations contained in paragraphs 116-123 of the Complaint.

## COUNT II

35. In response to paragraph 124 of the Complaint, Defendant refers to its responses to paragraphs 1-123 in this Answer.

3

36. Defendant denies the allegations contained in paragraphs 125-135 of the Complaint.

## COUNT III

37. In response to paragraph 136 of the Complaint, Defendant refers to its responses to paragraphs 1-135 in this Answer.

38. Defendant denies the allegations contained in paragraphs 137-143 of the Complaint.

## COUNT IV

39. In response to paragraph 144 of the Complaint, Defendant refers to its responses to paragraphs 1-143 in this Answer.

40. Defendant denies the allegations contained in paragraphs 145-152 of the Complaint.

## COUNT V

41. In response to paragraph 153 of the Complaint, Defendant refers to its responses to paragraphs 1-152 in this Answer.

42. Defendant denies the allegations contained in paragraphs 154-166 of the Complaint.

## COUNT VI

43. In response to paragraph 167 of the Complaint, Defendant refers to its responses to paragraphs 1-166 in this Answer.

44. Defendant denies the allegations contained in paragraphs 168-180 of the Complaint.

45. Unless expressly admitted herein, Defendant denies any allegations contained in the Complaint.

## **First Defense**

1. The Complaint fails to state any claims against Defendant upon which relief may be granted, including but not limited to the SHAKE SHOPPE mark to identify "eat in restaurant services" being finally found generic by the United States Patent and Trademark Office.

### Second Defense

2. One or more of Plaintiff's claims are barred by one or more of the doctrines of laches, waiver, estoppel, accord and satisfaction, illegality, fraud, and descriptive fair use.

### Third Defense

3. One or more of Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Defense

5. One or more Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Defense

6. One or more Plaintiff's claims are barred by lacking priority in rights to the trademarks asserted in the Complaint.

### Sixth Defense

7. One or more of Plaintiff's claims are barred by license, release, or payment.

### Seventh Defense

8. One or more of Plaintiff's claims are barred by the applicable statute of limitations.

### Eighth Defense

9. One or more of the Plaintiff's claims are barred by Plaintiff's unfair competition, the dilution of the marks, or misuse of the marks.

Defendant reserves the right to raise additional affirmative defenses and/or counterclaims based upon further discovery and investigation.

WHEREFORE, Defendant prays for judgment as follows:

A. for dismissal of the Complaint with prejudice;
B. for trial by jury of all issues so triable;
C. for its costs and reasonable attorneys' fees incurred herein; and
D. for any and all other relief as the Court deems proper.

Respectfully submitted,

/s/ Alex S. Rodger
Alex S. Rodger (0089525)
STRAUSS TROY CO., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202
Telephone No.: (513) 629-9445
Facsimile No.: (513) 241-825
asrodger@strausstroy.com
*Counsel for Defendant*
SHAKE SHOPPE IRONTON LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the clerk of the court on this the 21st day of May, 2021, which will provide notice to all counsel of record through the ECF system.

/s/ Alex S. Rodger