IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| SHAKE SHOPPE LLC, | : | Case No. 1:21-cv-278 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| SHAKE SHOPPE IRONTON LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 7)

This matter is before the Court on Defendant Shake Shoppe Ironton LLC's Motion for Judgment on the Pleadings (Doc. 7). Plaintiff Shake Shoppe LLC has filed its Response (Doc. 8), to which Defendant has filed its Reply (Doc. 9). For the reasons set forth below, the Court **GRANTS** the motion to the extent described below.

## INTRODUCTION

This case involves claims for trademark infringement and unfair competition under federal law and Ohio statutory and common law. (*See* Doc. 1, Compl., at ¶ 1.) At issue are numerous marks Plaintiff claims Defendant is improperly using or otherwise infringing upon. As relevant to this motion, Count 1 asserts a claim of federal trademark infringement pursuant to 15 U.S.C. § 1114.

Defendant argues that Plaintiff's federal trademark infringement claim fails on the pleadings and as a matter of law to the extent it pertains to SHAKE SHOPPE in

association with restaurant services because Plaintiff does not have a federally registered SHAKE SHOPPE mark in association with restaurant services. (*See* Doc. 7, Motion for Judgment on the Pleadings, at Pg. ID 112.) Plaintiff responds that Count 1 does not include a claim directed at the SHAKE SHOPPE mark for restaurant services—only the mark as it pertains to merchandise such as coats, hats, jackets, shirts, and sweatshirts. (Doc. 8, Response, at Pg. ID 119.)

## LAW

The parties do not dispute the applicable law. That is, the Court analyzes a motion for judgment on the pleadings as it would a motion to dismiss under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). In analyzing the motion, the Court must "accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

Further, to establish a federal trademark infringement claim under 15 U.S.C. § 1114, a plaintiff must prove that (1) it owns a valid trademark; (2) the defendant used the trademark "in commerce" and without the plaintiff's authorization; (3) the defendant used the trademark (or an imitation of it) "in connection with the sale, offering for sale, distribution, or advertising" of goods or services; and (4) the defendant's use of the trademark is likely to cause confusion among consumers. 15 U.S.C. § 1114(1)(a); *see also Coach Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013).

## ANALYSIS

The parties do not appear to dispute that, to assert a claim of federal trademark infringement, Plaintiff must have a federally registered mark. (*See* Doc. 7, Motion for Judgment on the Pleadings, at Pg. ID 114; Doc. 8, Response in Opposition, at Pg. ID 120-21.) To that end, Defendant contends Plaintiff's claim fails to the extent it premises a federal trademark infringement claim on the SHAKE SHOPPE mark for restaurant services. This would be correct, as Plaintiff implicitly concedes, because Plaintiff does not hold a federally registered mark for SHAKE SHOPPE for restaurant services, nor does it allege as much in its Complaint, thus defeating any such claim. *See* 15 U.S.C. § 1114(1)(a). However, to the extent Plaintiff bases its Count 1 on the SHAKE SHOPPE mark for coats, hats, jackets, shirts, and sweatshirts, this claim would survive Defendant's Motion, as Plaintiff has a federally registered trademark for such purposes, as is alleged in the Complaint.

Accordingly, because Plaintiff's Complaint does not identify a federally registered mark pertaining to the SHAKE SHOPPE mark for restaurant services, to the extent its federal trademark claim is premised on this mark, Defendant's Motion is well-taken. To the extent Plaintiff's claim is based on the SHAKE SHOPPE mark for coats, hats, jackets, shirts, and sweatshirts, the Motion is not well-taken.

## CONCLUSION

Accordingly, Defendant's Motion is **GRANTED** to the extent it relates to the SHAKE SHOPPE mark for restaurant services.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature: Matthew W. McFarland]*
JUDGE MATTHEW W. McFARLAND